**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 31 2003**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

PHILLIP L. HUGGINS,

      Defendant - Appellant.

No. 02-3321
(D.C. No. 02-CV-3099-MLB
and 99-CR-10094-MLB)
(D. Kansas)

## ORDER[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Phillip L. Huggins appeals pro se the district court's denial of his petition

for a writ of habeas corpus under 28 U.S.C. § 2255. The district court did not act

on Mr. Huggins' request for a certificate of appealability (COA) within thirty

days from his filing of a notice of appeal, so we deem the application denied by

the district court. *United States v. Kennedy,* 225 F.3d 1187, 1193, n.3 (10th Cir.

2000). Mr. Huggins asks this court for a certificate of appealability. Exercising

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument.

jurisdiction under 28 U.S.C. § 2253(c)(1) (2002), we see no basis for an appeal and deny a COA.

A jury convicted Mr. Huggins of six counts of distributing crack cocaine and one count of possessing crack cocaine with intent to distribute. He was sentenced to 157 months in prison. He appealed his conviction and sentence to this court, arguing the district court erred in denying his motion for a continuance and in computing his sentence. We affirmed the district court judgment and sentence in an unpublished opinion. *United States v. Huggins*, No. 02-3002, 2000 WL 1820477 (10th Cir. Dec. 12, 2000). Mr. Huggins then filed this habeas petition in the district court alleging ineffective assistance of counsel on three grounds, as well as a violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The district court denied the motion.

Issuance of a COA is jurisdictional. *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 123 S. Ct. at 1034. "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a

-2-

general assessment of their merits." *Id*. at 1039. "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* While Mr. Huggins, in applying for a COA, is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his part." *Id.* at 1040 (internal quotations omitted).

With these principles in mind, we have carefully reviewed the record of these proceedings and the order of the district court. As to the ineffective assistance claims, we point out (as did the district court, Rec., doc. 53 at 2) that this court has previously noted Mr. Huggins' appointed counsel's competent representation at trial as well as the overwhelming evidence of guilt revealed by the record. *Huggins*, 2000 WL 1820477 at **2. Even so, the district court carefully addressed each of Mr. Huggins' contentions of ineffective assistance of counsel in his habeas petition. We agree with the well-reasoned analysis of the district court. Furthermore, as to the issue of an *Apprendi* violation, the district court correctly pointed out that "[t]he indictment charged defendant with distribution of specific amounts of crack cocaine (Doc. 1). Defendant's sentence did not exceed the statutory maximum. He has no *Apprendi* claim." Rec., doc. 53 at 8.

We conclude that reasonable jurists would not debate the resolution of the

constitutional claims presented and therefore **DENY** the request for a certificate of appealability.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge